UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


PETER GILHOOLY

v.

JOHN J. ARMSTRONG, et al.

PRISONER
Case No.  3:03cv1798(MRK) (WIG)


RULING ON MOTION TO DISMISS

The plaintiff, Peter Gilhooly, is an inmate confined at the Northern Correctional Institution in Somers, Connecticut.  On October 13, 2003, he filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983.  He alleges that various defendants[1] failed to treat him for his chronic ingrown toenails.  Currently pending before the Court is Defendants' Motion to Dismiss [doc. # 17].  For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss [doc. # 17].

**I.**

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  *See Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d Cir. 2003).  Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim entitling him to relief.  *See Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).  "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

---

[1] The defendants listed in the caption of the Complaint [doc. # 3] are: John J. Armstrong, Dr. Carson Wright, Saundra Katz-Feinberg, Dr. Omprahash Pillai, and Pat Wollenhaupt.

support the claims." *York v. Assoc. of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir. 2002) (internal quotation marks omitted). In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York*, 375 F.3d 168, 176 (2d Cir. 2004) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citation omitted).

Furthermore, the Second Circuit has recently emphasized that "*pro se* litigants . . . cannot be expected to know all of the legal theories on which they might ultimately recover. It is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). It is up to the district court to determine what claims a *pro se* plaintiff's complaint could raise, and in doing so, "the court's imagination should be limited only by [the plaintiff]'s factual allegations, not by the legal claims set out in his pleadings." *Id*.

## II.

The Court accepts as true the following facts, which are taken from the Complaint [doc. # 3]. Mr. Gilhooly has been in the custody of the Department of Correction since December 1999. For two years, Mr. Gilhooly has suffered from chronic ingrown toenails on the great toes of both feet. The ingrown nails are very painful and make it difficult for Mr. Gilhooly to walk. On January 16, 2001, Mr. Gilhooly underwent a partial removal of the nail on his great right toe, but the nail grew back and continues to be painful and cause difficulty walking. On May 29, 2002, a prison podiatrist examined Mr. Gilhooly and submitted a recommendation to the Utilization Review Committee ("URC") that he be approved to undergo a matrixectomy on both great toes. Mr. Gilhooly explains that a matrixectomy

involves the removal of the formative part of the toenail preventing the nail from growing back. The URC denied the request for the procedure.

Later, Mr. Gilhooly suffered a chip fracture to one of his great toes. Mr. Gilhooly suffers pain at the site of the fracture. A prison podiatrist submitted a recommendation to the URC that Mr. Gilhooly be examined by an orthopedist, but the URC denied the request. Mr. Gilhooly seeks compensatory and punitive damages and "injunctive relief where applicable." Compl. [doc. #3] at 7.

### III.

Defendants move to dismiss this action on three grounds. The Court will discuss each argument in turn.

#### A.   Claims Against John/Jane Does

In his Complaint, Mr. Gilhooly refers to various, unnamed medical personnel, whom he calls "John Does" and "Jane Does," as well as a "Dr. Fedus." However, none of these defendants is listed in the caption of the Complaint [doc. # 3]. The only defendants listed in the caption are John Armstrong, Dr. Carson Wright, Saundra Katz-Feinberg, Dr. Omprahash Pillai, and Pat Wollenhaupt. Rule 10(a) of the *Federal Rules of Civil Procedure* requires plaintiffs to list all defendants in the caption of a complaint. Because Mr. Gilhooly has not included John Does, Jane Does, and Dr. Fedus in the caption of his Complaint, they are not defendants in this action at this time and the Court will not consider any claims against them. Therefore, Defendants' motion to dismiss claims against those defendants is denied as moot.

If Mr. Gilhooly wishes to proceed against individuals whose true identity he does not now know, he will need to file a motion to amend his Complaint by adding fictitious names to the caption of the Complaint. Ordinarily, a plaintiff may proceed against fictitiously named defendants only if it

appears that the claims are otherwise proper (see below) and the plaintiff will be able to obtain the names of the unnamed defendants through the discovery process. *See* 5A Wright & Miller, *Federal Practice & Procedure* § 1321, at 382 (3d ed. 2004).

### B. Eleventh Amendment Bars Official Capacity Claims

Defendants argue that the Eleventh Amendment bars a damage award against them in their official capacities. The Court agrees. The Eleventh Amendment generally prevents a plaintiff from suing the state itself, or any state agency or department, unless the state has waived its immunity. *See In re Charter Oak Associates*, 361 F.3d 760, 765 (2d Cir. 2004). That the plaintiff sues under § 1983 does not override this immunity. *See Feingold v. New* York, 366 F.3d 138, 149 (2d Cir. 2004). Moreover, the Eleventh Amendment also forbids damages suits against state officials in their official capacities. *See Muntaqim v. Coombe*, 366 F.3d 102, 129 (2d Cir. 2004).

Mr. Gilhooly sues all Defendants in their official capacities for both punitive and compensatory damages. Mr. Gilhooly's claims for monetary damages against the Defendants in their official capacities are barred by the Eleventh Amendment. Therefore, the Court grants Defendants' motion to dismiss as to all claims for money damages against Defendants in their official capacities.

### C. Claims Against John Armstrong

Defendants argue that Mr. Gilhooly has not alleged the personal involvement of Defendant John Armstrong in the denial of medical treatment that he claims in his Complaint. Defendants also contend that any injunctive relief sought by Mr. Gilhooly from Mr. Armstrong is unavailable because he is no longer the Commissioner of Correction. Mr. Gilhooly's complaint is devoid of any allegations against Mr. Armstrong, who is simply described as the Commissioner of Correction for the State of Connecticut. *See* Complaint [doc. # 3] at ¶ 4. "A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." *Leonard v. Poe*, 282 F.3d 123, 140

(2d Cir. 2002). Section 1983 imposes liability only on the official causing the violation. Thus, the doctrine of respondeat superior is inapplicable in § 1983 cases. *See Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999); *see also Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692-95 (1978).

> [A] supervisor may be found liable for his deliberate indifference to the rights of others by his failure to act on information indicating unconstitutional acts were occurring or for his gross negligence in failing to supervise his subordinates who commit such wrongful acts, provided that the plaintiff can show an affirmative causal link between the supervisor's inaction and [his] injury.

*Leonard,* 282 F.3d at 140. Because Mr. Gilhooly does not allege any direct or personal involvement by Mr. Armstrong in the actions that are alleged to have caused the constitutional deprivation, Defendants' motion to dismiss is granted as to all claims against Mr. Armstrong. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

**IV.**

Defendants' Motion to Dismiss [doc. # 17] is GRANTED as to the claims for monetary damages against Defendants in their official capacities and as to all other claims against defendant Armstrong; Defendants' motion is DENIED as moot as to the John/Jane Doe defendants and Dr. Fedus described in the complaint but not included in the caption. Thus, at this point, Mr. Gilhooly's case proceeds only on the claims against Defendants Wright, Katz-Feinberg, Pillai, and Wollenhaupt (except for any monetary claims against those defendants in their official capacities).

Mr. Gilhooly must file any motions to amend no later than **February 27, 2006.**

Defendants shall answer the complaint or amended complaint no later than **March 17, 2006**.

All discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed no later than **May 17, 2006**.

Motions for summary judgment, if any, shall be filed no later than **June 16, 2006**.

IT IS SO ORDERED,

/s/       Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **February  9, 2006**